BERTHA KABATCHNICK, Respondent, *v.* JACOB KABATCHNICK, Appellant.

*Alimony — when the objection that the defendant is unable to pay it will not be sustained.*

Although the report of a referee, appointed upon an application made by a husband for the reduction of alimony (of twenty dollars a week) directed to be paid by him in a suit for a separation, states that he is financially unable to pay any alimony, the Appellate Division will not interfere with a direction that he pay ten dollars per week, where it appears that the fees of the attorney employed by him upon the application and the cost of printing the papers used upon the appeal amount to enough to have paid all alimony directed to be paid by the order, from the time of the rendition of the judgment to the present time.

APPEAL by the defendant, Jacob Kabatchnick, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of November, 1897, modifying a judgment in a suit for separation by reducing the alimony from twenty dollars to ten dollars per week.

*Wm. Henry Knox*, for the appellant.

*James C. Cropsey*, for the respondent.

GOODRICH, P. J. :

In the judgment the defendant was ordered to pay the plaintiff twenty dollars a week for the support of herself and five children, with a provision that application could be made to reduce the amount of alimony, upon any change in the condition of the parties or their children. The defendant applied at Special Term for an order reducing the amount of the alimony; the matter was referred to a referee to ascertain whether there had been any change in the condition of the parties since the entry of the judgment, and the referee reported that in his opinion there had been no such change as to justify a reduction of the alimony. A motion was made and granted to send the matter back to the referee, directing him, without taking further testimony, to report as to the ability of the defendant to pay the alimony, and the referee reported that at the time of the judgment the defendant had no means to pay the alimony, although for some time thereafter he paid the same; that there had been no material change in his ability since that time, and that his ability to pay alimony remained unchanged.

On motion to confirm the two reports, an order was made at Special Term, directing a modification of the judgment by reducing the past and future alimony from twenty dollars to ten dollars per week and ordering the defendant to pay the same. From this order the defendant appeals.

It is not necessary to summarize the evidence upon which the report of the referee and the order of the court were based. It is sufficient to say that we can find no reason to change the terms of the order.

One of the grounds on which the appeal is largely argued is that

the defendant is unable to pay the reduced amount of alimony. His contest in this proceeding has resulted in hearings before the referee, which commenced on March 13, 1897, and continued in various sessions till May eleventh, during which time over 600 folios of oral testimony of twelve witnesses were taken. The record on appeal contains more than 300 pages. Counsel was employed by the defendant, whose fees, from the care manifested by him in the conduct of the reference and proceedings and in the brief and argument of the appeal, will assume no mean proportions, and, together with the expenses of printing the record and brief, if capitalized by the defendant for the support of his wife and children, would, probably, have been sufficient to form a fund out of which he could have paid all the moneys which he is directed to pay by the order of the Special Term, from the date of the original judgment up to the present time.

Under these circumstances we are not swift to seek reasons for a reversal of the order, and the examination of the whole record confirms us in the opinion that the order should be affirmed, with ten dollars costs and disbursements.

All concurred, except BARTLETT, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.